United States District Court
Southern District of Texas
**ENTERED**
August 05, 2020
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| JIMMY STEWART, <br> TDCJ # 02292628 <br><br> Plaintiff, <br><br> VS. <br><br> TEXAS CITY POLICE DEPARTMENT <br> OFFICER JANE DOE, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. 3:19-0089 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jimmy Stewart, an inmate at the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed this civil-rights action and alleges that Texas City Police Department officers used excessive force during his arrest. After submitting a more definite statement of his claims (Dkt. 14), Stewart filed a motion for leave to amend his pleadings (Dkt. 15). He also has filed his proposed amended complaint (Dkt. 16).

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). A court must have a "substantial reason" to deny a request for leave to amend. *Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016). Leave to amend is not automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012) (internal citation and quotation marks omitted). A

1/2

district court "should consider factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.'" *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 466-67 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)).

In this case, Stewart's proposed amendment brings his claims against individual officers, rather than the Texas City Police Department, and alleges additional facts, including physical descriptions of the Jane and John Doe officers. This amendment is not futile and, because defendants have not yet been served with process, they will not be prejudiced by the amendment. The court in its discretion therefore orders that Stewart's motion for leave to amend (Dkt. 15) is granted.

The Clerk will provide a copy of this order to the parties.

Signed on Galveston Island this  5th  day of  August , 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE